UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
\_\_\_\_\_

SEAN ADAM ROGERS,

        Plaintiff,

v.

T. MACKIE et al.,

        Defendants.
_____/

Case No. 1:20-cv-394

Honorable Janet T. Neff

## **OPINION**

This is a civil rights action brought under 42 U.S.C. § 1983 by a state prisoner. Previously, in an order filed on May 6, 2020, the Court severed Plaintiff's claims into three separate actions, because the complaint contained obviously misjoined claims and defendants. However, further analysis was impeded, as the original complaint "consist[ed] of muddled allegations and an unclear chronology of results." The Court therefore ordered Plaintiff to submit amended complaints for each action. (ECF No. 8.) Currently before the Court is Plaintiff's amended complaint (ECF No. 9) from one of the three resulting actions.

Under Rule 21 of the Federal Rules of Civil Procedure, a court may at any time, with or without motion, add or drop a party for misjoinder or nonjoinder. Fed. R. Civ. P. 21. The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), further requires the Court to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520

(1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying the misjoinder standard, the Court will sever Plaintiff's July 2017 claims against Defendants Sharp, Thomas, Smiley, Johnson, Chesney, and Weaver because they are misjoined. Reviewing the remaining claims under the PLRA, the Court will dismiss for failure to state a claim Plaintiff's claims arising before March 1, 2017, Plaintiff's Eighth Amendment claim against Defendants Snyder and Boerema, and Plaintiff's First Amendment retaliation claim against Defendant Boerema.

**Discussion**

**I.      Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. However, the events about which he complains occurred at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. Plaintiff sues the following ECF employees: retired Warden T. Mackie; Deputy Wardens T. Ball and R. Sharp; Resident Unit Managers (RUMs) J. Thomas and K. Smiley; Prison Counselors (PCs) K. Johnson and L. Weaver; Quartermaster staff J. Hensley; Lieutenant Unknown Boerema; Corrections Officers Unknown Sherman, Unknown Roy, Unknown Del-Tour, Unknown Chesney, Unknown Boerema,[1] and Unknown Snyder; Nurse Unknown Broyles; and Grievance Coordinator T. Bassett.

Plaintiff alleges that on October 21, 2016, Defendants Mackie, Ball, and Sharp denied him a sanction break. On October 24, 2016, Defendant Bassett refused to process Plaintiff's grievance raising the issue of his sanction break.

---

[1] Based on allegations in the complaint, Corrections Officer Unknown Boerema and Lieutenant Unknown Boerema are not one and the same person.

2

Plaintiff also alleges a series of events between October 31, 2016 and March 1, 2017. Plaintiff contends that various Defendants: failed to issue him winter clothing (Hensley), refused to send out legal mail (Johnson), tainted Plaintiff's food (Sherman), denied Plaintiff medical treatment (Broyles), placed Plaintiff in a cell partially covered with feces (Sherman), entered a false response to a grievance (Lieutenant Boerema), filed and reviewed false misconduct charges against Plaintiff (Sherman, Del-Tour, and Johnson), refused to provide Plaintiff with toiletry and hygiene products (Roy), and denied him dinner on a single occasion (Roy). At times, Plaintiff alleges that Defendants engaged in a "civil conspiracy" against him.

Plaintiff further alleges a series of events in July 2017. Plaintiff alleges that he was denied reclassification to level 2 and was placed in level 4 as retaliation for filing grievances and that a false misconduct charge was filed against him as retaliation for threatening to file a grievance. Plaintiff also asserts that Defendant Weaver denied his request to replace his mattress pad despite the lack of adequate padding.

The final events Plaintiff describes occurred in October 2017. Plaintiff alleges that Defendant Snyder refused Plaintiff's request for a bar of soap. Plaintiff threatened to file a grievance. In response, Defendant Corrections Officer Boerema told Plaintiff that he would receive neither a shower nor soap. Plaintiff alleges that more than 36 hours passed before he was permitted to shower.

Plaintiff seeks compensatory and punitive damages as well as injunctive relief.

**II.     Misjoinder**

The Court previously severed Plaintiff's claims into three separate actions because his complaint covered allegations over a period of years at three different facilities. At that time, the Court directed Plaintiff to file amended complaints for each separate action because the original complaint consisted of muddled allegations and an unclear chronology of events. The amended

3

complaint provides a clearer picture. In his amended complaint, Plaintiff joins 17 Defendants, connecting a series of discrete events during the period from October 2016 to October 2017. At this juncture, the Court must again review whether Plaintiff's claims are misjoined.

### A. Improper Joinder

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure Civil* § 1655 (3d ed. 2001), *quoted in Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), and *Garcia v. Munoz*, No. 08-1648, 2007 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778.  When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved[;] and whether the defendants were at different geographical locations."  *Id.* (quoting *Nali v. Mich. Dep't of Corr.*, No. 07-10831, 2007 WL 4465247, at *3 (E.D. Mich. Dec. 18, 2007)).

Permitting the improper joinder in a prisoner civil rights action also undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts.  *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004) (discussing purpose of PLRA).  Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form.  *See* 28 U.S.C. § 1915(b)(1).  These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees."  *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997).  The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding in forma pauperis, unless the statutory exception is satisfied.  28 U.S.C. § 1915(g).  The "three-strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation.  *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

The Seventh Circuit has explained that a prisoner like Plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions— should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168-69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision); *Shephard v. Edwards*, No. C2-01-563, 2001 WL 1681145, at *1 (S.D. Ohio Aug. 30, 2001) (declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule).

Plaintiff's allegations of a civil conspiracy fail to establish that his claims arise from the same transaction or occurrence. A civil conspiracy under § 1983 is "an agreement between

two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Hensley*, 693 F.3d at 695; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Plaintiff's allegations of conspiracy are wholly conclusory. This Court need not accept legal conclusions as true. *See Heyne v. Metro. Nashville Pub. Sch.*, 665 F.3d 556, 564 (6th Cir. 2011); *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008). Legal conclusions that are "masquerading as factual allegations" will not suffice to state a claim. *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010) (quoting *Tam Travel, Inc. v. Delta Airlines, Inc.*, 583 F.3d 896, 903 (6th Cir. 2009)). Plaintiff alleges no facts that indicate the existence of a plan, much less that any Defendant shared a conspiratorial objective. Instead, Plaintiff's allegations, even viewed in the light most favorable to Plaintiff, describe a number of discrete occurrences over a period of time involving numerous individual ECF staff members. He supports his conspiracy claim only with an attenuated inference arising out of the fact that he has been disciplined by or subjected to objectionable treatment by a variety of prison officials in various circumstances. As the Supreme Court has held, such allegations, while hinting at a sheer "possibility" of conspiracy, do not contain

7

"enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 557. Although parallel conduct may be consistent with an unlawful agreement, it is insufficient to state a claim where that conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior." *Iqbal*, 556 U.S. at 680; *Twombly*, 550 U.S. at 557.

In light of the far more likely probability that the various incidents occurring over the long history of Plaintiff's incarceration were unrelated, Plaintiff's conclusory allegations fail to state a plausible claim of conspiracy. Under these circumstances, to allow Plaintiff to proceed with these improperly joined claims and Defendants in a single action would permit him to circumvent the PLRA's filing fee provisions and allow him to avoid having to incur a "strike" for purposes of § 1915(g), should any of his claims turn out to be meritless or frivolous.

Therefore, the Court therefore will look to Plaintiff's first listed Defendant and the earliest set of clear factual allegations against that Defendant to determine which portion of the action should be considered related. Defendant Mackie is the first identified Defendant in the caption of the amended complaint (ECF No. 9, PageID.282), the list of Defendants (*id.*, PageID.283), and the factual allegations (*id.*, PageID.295). Plaintiff's earliest allegations assert that Defendants Mackie, Ball, and Sharp denied Plaintiff a sanction break. Further, Plaintiff's only allegations against Defendant Mackie relate to the denial of the sanction break. Plaintiff's allegations connect no other Defendant to the first transaction or occurrence involving Plaintiff and Defendant Mackie other than Defendants Ball and Sharp. As a result, none of the other Defendants is transactionally related to Plaintiff's first claim involving Defendant Mackie. Moreover, it is clear that no question of law or fact is common to all Defendants. *See* Fed. R. Civ. P. 20(a)(2)(B).

**B.     Remedy**

Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action."  Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately.  *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 572-73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . .'"); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *Carney v. Treadeau*, No. 2:07-cv-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate.").  "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'"  *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties."  *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV*, 467 F.3d at 845.  Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice.  *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47; *Michaels Bldg. Co.*, 848 F.2d at 682.

In this case, Plaintiff brings causes of action under 42 U.S.C. § 1983.  For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years.  *See* Mich.

9

Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Furthermore, "Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice." *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003).

Plaintiff's claims against misjoined Defendants fall into two categories. The first group includes those claims against Defendants that occurred in July 2017. Those claims are at risk of being time-barred. The Court will order the Clerk to sever claims against the July 2017 Defendants into a single new action.

The second group includes those claims against Defendants for which the statute of limitations had lapsed before Plaintiff filed his original complaint and the claims against Defendants for events occurring in October 2017. Notwithstanding the improper joinder of these Defendants, the Court will retain these claims in the instant action. *See Michaels Bldg. Co.*, 848 F.2d at 682 ("The manner in which a trial court handles misjoinder lies within that court's sound discretion.").

### III. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## IV.   Statute of Limitations

Plaintiff alleges various claims that occurred on March 1, 2017, or earlier—a group of claims that includes Plaintiff's assertion that Defendant Mackie and others denied him a sanction break.

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich.

Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[2]

Plaintiff's complaint is untimely. He asserts claims arising in October 2016 through March 1, 2017. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Hence, these claims accrued by March 1, 2017. However, he did not file his complaint until March 17, 2020, more than two weeks past Michigan's three-year limit for the latest of these claims. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* Mich. Comp. Laws § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

Accordingly, the Court will dismiss Plaintiff's claims prior to and including March 1, 2017, because they are barred by the statute of limitations.

---

[2] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. §1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

**V.      October 2017 Claims**

Reading the complaint with all due liberality, Plaintiff alleges violations of the Eighth and First Amendments in his description of the October 2017 events.

**A.      Eighth Amendment**

Plaintiff appears to allege that Defendant Snyder refused him soap and Defendant Boerema denied him a shower in violation of the Eighth Amendment.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

"Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.* In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d

474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). However, allegations about temporary inconveniences, e.g., being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." (internal citation omitted)).

Here, Plaintiff alleges that he was denied soap and a shower. The Eighth Amendment does not guarantee soap or showers. It does require, however, that prisoners be allowed to maintain hygiene. Plaintiff alleges that because of Defendants Snyder and Boerema, he went without a shower for 36 hours. Alleging only temporary deprivations does not state an Eighth Amendment claim. *See, e.g.*, *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003) (allegations of overcrowded cells and denials of daily showers and out-of-cell exercise do not rise to constitutional magnitude, where a prisoner is subjected to the purportedly wrongful conditions for six days one year and ten days the next year); *Metcalf v. Veita*, No. 97-1691, 1998 WL 476254, at *2 (6th Cir. Aug. 3, 1998) (finding that an eight-day denial of showers, trash removal, cleaning, and laundry did not result in serious pain or offend contemporary standards of decency under the Eighth Amendment).

Because Plaintiff has alleged that he was forced to go without soap and a shower for only 36 hours, and he has not alleged any serious health or safety consequences, he utterly fails

14

to state an Eighth Amendment claim. Accordingly, the Court will dismiss Plaintiff's Eighth Amendment claims against Defendants Snyder and Boerema.

### B.     First Amendment

Plaintiff also appears to allege that Defendant Boerema denied Plaintiff's attempt to shower because Plaintiff intended to file a grievance against Defendant Snyder.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Here, Plaintiff's claim fails at the second step because he is unable to show that adverse action was taken against him. In *Thaddeus-X*, the Sixth Circuit recognized that some threats and deprivations are too minimal to constitute adverse action. Citing *Bart v. Telford*, 677 F.2d 622 (7th Cir. 1982), the *Thaddeus-X* court held that minor harassment is insufficient to constitute adverse action, because recognition of such a standard would "'trivialize the First Amendment.'" *Thaddeus* 175 F.3d at 398-99 (citing *Bart*, 677 F.2d at 625). Plaintiff's deprivation of a shower for a mere 36 hours fits squarely within class of deprivations deemed insufficient by the *Thaddeus-X* court to constitute adverse action.

Thus, because Plaintiff has not demonstrated any adverse action taken by Defendant Boerema, Plaintiff fails to state a retaliation claim against him. Accordingly, the Court will dismiss Plaintiff's First Amendment retaliation claim against Defendant Boerema.

## **Conclusion**

Having conducted the review under Federal Rule of Civil Procedure 21, the Court determines that Plaintiff's July 2017 claims against Defendants Sharp, Thomas, Smiley, Johnson, Chesney, and Weaver will be severed from this case into a new action.

Further, having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claims arising on or before March 1, 2017, his Eighth Amendment claim against Defendants Snyder and Boerema, and his First Amendment retaliation claim against Defendant Boerema will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

An order and judgment consistent with this opinion will be entered.

Dated:   July 15, 2020                                            /s/ Janet T. Neff
                                                                  Janet T. Neff
                                                                  United States District Judge